Argued 10 January, decided 30 January, 1905.

**THAYER *v.* BUCHANAN.**

79 Pac. 343.

ALLEGATIONS AND PROOFS MUST CORRESPOND.

1. The allegations of a pleading cannot be abandoned on a trial and some other defense substituted not stated in the pleadings. For example, under an answer to a mortgage foreclosure suit that part of the principal was a judgment fraudulently confessed by plaintiff as defendant's attorney, it is not competent to show that part of the principal was usurious charges for loans and extensions of time, as the testimony does not tend to support the pleading.

VALIDITY OF COMPROMISE SETTLEMENTS.

2. Where parties not under disability have equal knowledge of the facts, and are in dispute concerning their respective rights, a compromise settlement is final as to all matters included therein.

From Clatsop: THOMAS A. MCBRIDE, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a suit by Claude Thayer against Manius Buchanan to foreclose a mortgage given to secure the payment of a note for $549.50, with interest at 8 per cent per annum, bearing date February 14, 1899. Two separate defenses are interposed: First, that the sole consideration for the execution of the note was a balance of $37 due upon a certain judgment, the further sum of $47.50, costs, and the accrued interest, amounting in the aggregate to $108.20, but that defendant has paid plaintiff $163.76 in excess of this sum; and, second, that in 1893 defendant applied to plaintiff for a loan of $300, and obtained it through his instrumentality, but nominally from J. E. Sibley, for which defendant executed his note, drawing interest at 10 per cent; that defendant subsequently confessed judgment upon the note in favor of Sibley in the county court of Tillamook County for the sum of $300, principal, and $37, attorney's fees; that later, about September, 1894, defendant paid to plaintiff $300, to be applied on the judgment, but that plaintiff failed to

give the proper credit therefor, and erroneously and fraudulently included the amount in the note sued on as part consideration thereof; that on the 23d day of September, 1894, plaintiff, without the knowledge or consent of defendant, and without his authority, and in fraud of his rights, pretending to act for and represent him as his attorney in fact, confessed in his name in the Circuit Court of the State of Oregon for Tillamook County a judgment in favor of one L. Coats, formerly L. Nolan, in the sum of $130, for work, labor, and services alleged to have been performed as broker for the defendant, which amount of said judgment plaintiff also erroneously and fraudulently included in the note sued on, as part consideration; that defendant was wholly ignorant of the action of plaintiff in confessing said judgment in his name, and that neither Coats nor plaintiff ever rendered any services for defendant; that on the 8th day of August, 1895, plaintiff fraudulently conspired with Sibley to cheat and overreach this defendant, and procured an execution to be issued on the Sibley judgment, and certain real property of the defendant to be sold, and thereupon notified defendant of what had been done, and extorted from him the execution and delivery of the note in question, and that the only real consideration therefor was the sum of $108.20 aforementioned; and that defendant has paid plaintiff $163.76 in excess of the true consideration thereof, for which he prays judgment against the plaintiff.

The plaintiff, for reply, while denying specifically except as to the confession of the judgments alluded to, and the execution and sale of defendant's realty under one of them, alleges that in the month of December, 1898, the defendant was indebted to plaintiff in sums of money exceeding $549.50, and that on the 5th of the month, the true amount due from defendant to plaintiff being in controversy, they settled and compromised the claims of plaintiff, whereby and in consideration whereof the note in question was executed and delivered, and the mortgage given to secure the payment of the same. A trial being had, and the decree of the circuit court being favorable to plaintiff, the defendant appeals.                         AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William Mosby LaForce.*

For respondent there was a brief and an oral argument by *Mr. Frank J. Taylor.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

We find in the record correspondence leading up to the execution of the note and mortgage in suit of this nature: On December 5, 1898, the defendant wrote to the plaintiff:

"Since coming from Tillamook, I have made a close study of our matters and conclude to make you this offer: I will give you my note and mortgage due in two years at 8 per cent for $549.57, for your good deed. If you take this offer let me know by letter at Woodlawn, Or., and so instruct your attorney at Portland and we can exchange papers."

On the 9th plaintiff wrote the defendant:

"The terms of settlement while somewhat under figures proposed, yet will be satisfactory to me. * * Would now suggest that you make a partial payment now, say $100. That you have a bond for a deed, & the land be deeded back to you when the sum you mention, 549.57 & int. at 10 per cent is paid."

On December 17, 1898, the defendant replied from Seattle, Wash.:

"Yours of recent date was received in due time. * * I am anxious to attend to our matter as soon as I return home—say about Jan. 1. I would prefer a deed. * * If I never return J. H. Middleton will complete our trade."

In pursuance of this correspondence and further negotiations with Mr. St. Rayner, who was acting for the plaintiff, the note and mortgage were given, and, the deed spoken of having been executed and delivered to the defendant, the mortgage was given back, covering the same premises. The land is the same as sold under the Sibley judgment and bid in—whether by plaintiff or by Sibley does not certainly appear—but it was redeeded to the defendant under the agreement by which the note was given in pursuance of the alleged compromise. Up to this point there is no dispute in the testimony.

The central idea of the defense is that the note in suit was obtained by fraud, or, rather, to be more explicit, by the inclusion, without the knowledge of the defendant, of. the two items specified in the pleadings, namely, the $300 which it is claimed plaintiff omitted to credit on the Sibley judgment, and the $130, the amount of the Coats judgment, which it is alleged plaintiff fraudulently, and without the knowledge or consent of the defendant, confessed in his name, and as his act and deed. The plaintiff acknowledges the payment of the $300, and thinks it was only partially credited on the Sibley judgment, but says that, however that may be, St. Raynor was advised of it, and he presumes that defendant got credit for it in the final settlement. The defendant is positive that the $300 payment was to be applied in full on the Sibley judgment, and that issuance of execution thereon and sale occurred after the payment, contrary to plaintiff's assurance that no such execution should issue without notice to him, so that as to this matter the parties are not in accord. The defendant is discredited, however, in his allegations and contention respecting the Coats judgment, as there was produced an authorization in writing signed by him, the signature whereof he now acknowledges, empowering the confession of such judgment as is exhibited by the record.

1. The defendant now declares, in effect, that the amount of the Coats judgment was made up of bonuses charged for loans of money and extensions of. time for the payment thereof, made to defendant and for his benefit, which said bonuses, it is argued, were and are usurious and illegal, and could not, for that reason, constitute any legitimate consideration for the alleged compromise note in suit. Such a contention, however, is wide of the defense that the judgment was fraudulently confessed without his authorization or knowledge, which is, as we have seen, disproved by his own admissions.

2. There may be some irregularities in the confession both of the Sibley and Nolan or Coats judgments, but, in the view we have taken of the case, they can make no difference as to the result. We are satisfied that the note in suit was the result of a compromise and settlement between the parties, and that the

defendant at the time was fully cognizant of every item going to make up the amount. He says in his letter that since coming from Tillamook, where the plaintiff lives and does business, he has made a careful study of their matters, and concluded to make an offer to give his note for $549.57, with interest at 8 per cent, and a mortgage to secure the payment of the same, the plaintiff to give his "good deed" to the premises; and we find that, although the plaintiff insisted upon different terms, more advantageous to himself, the defendant had his own way, and the settlement was made in accordance with his written proposition. Defendant admits that the bonuses, as he styles them, aggregating $120 or $130, were included in the settlement, thus indicating effectually that he had perfect knowledge of them and of the Coats judgment at the time; and finally he says that the settlement was consented to by him because he was not in circumstances to go into a lawsuit at that time, his business being in such a state that he could not well contest the matter then. This is tantamount to an admission of the settlement touching these two claims, which, it is alleged, were fraudulently included therein without his knowledge, and, at the last, defendant seems to rest his defense upon the idea of coercion, which is not satisfactorily shown to be the case. Upon the whole, we are convinced that the settlement was entered into with a full knowledge upon defendant's part of all the items going to make up the amount finally agreed upon between him and the plaintiff, and that he was not deceived or misled respecting any of them; and, the note in suit having been the result of such settlement, he is now precluded from controverting its regularity and binding effect in any particular.

Some usurious items may have been included in the settlement, and it looks very much as if such was the case, which would not in themselves support the note; but, as we have previously had occasion to observe, the pleadings set out no such defense, and we are therefore powerless to help the defendant, even on account of such demands. If there exists at the time of the compromise and settlement a mutual, bona fide difference or dispute between the parties touching claims honestly and in

good faith asserted, not arising as a matter of law, but from facts equally within the knowledge of both parties, so that neither has exercised an undue advantage over the other, then is the compromise and settlement final and conclusive between them as to all matters included therein.   Of course, it is no compromise where one party knows that he has no claim, but deceives the other into believing he has, for, if one has no claim and knows it, the other party being deceived, he has conceded nothing by way of compromise; but, as has been aptly said, "he has cheated."   So, also, if there was a mutual mistake or imposition through fraud, so that there has been included in the settlement an item or items for which no fair consideration in fact exists, the settlement ought to be held void pro tanto, the issue being properly presented for adjudication.   In the absence of fraud or mistake, however, the compromise of bona fide claims equally within the knowledge of the parties concerned must be held final and conclusive of all matters going to make up the settlement: *Smith* v. *Farra,* 21 Or. 395 (28 Pac. 241, 20 L. R. A. 115) ; *McGlynn* v. *Scott,* 4 N. D. 18 (58 N. W. 460) ; *Prince* v. *Prince,* 67 Ala. 565; *Thompson* v. *Hudgins,* 116 Ala. 93 (22 South. 632) ; *Creutz* v. *Heil,* 89 Ky. 429 (12 S. W. 926). So we conclude in this case that defendant is bound by his settlement and compromise with the plaintiff, and that his defenses set up by his separate answers are without merit.   The decree of the circuit court will therefore be affirmed.        AFFIRMED.

Decided 18 July, 1904; modified 28 August, 1905.