Argued and submitted November 6, order of circuit court affirmed
December 19, 2002

## LINCOLN LOAN COMPANY,
an Oregon corporation,
*Appellant,*

*v.*

## The CITY OF PORTLAND,
Gretchen Kafoury, David Sweet,
and Mitchell McKee,
*Respondents.*

(CC 9403-02151; CA A115965; SC S49667)

59 P3d 521

Ridgway K. Foley, Jr., Greene & Markley, P.C., Portland, argued the cause and filed the briefs for appellant. With him on the reply brief was Cecily A. Becker.

Harry Auerbach, Senior Deputy City Attorney, Portland, argued the cause and filed the brief for respondents.

Mary H. Williams, Solicitor General, Salem, filed a brief on behalf of *amicus curiae* State of Oregon. With her on the brief was Hardy Myers, Attorney General.

Thomas M. Christ, Cosgrave Vergeer Kester LLP, Portland, filed briefs on behalf of *amici curiae* GTECH Corporation and Mark Tipperman.

Steve E. Benson, Portland, filed a brief on behalf of *amici curiae* Don McIntire and Fred Hall.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs Justices.**

LEESON, J.

---

** De Muniz and Balmer, JJ., did not participate in the consideration or decision of this case.

**LEESON, J.**

This is a certified appeal from the Court of Appeals. *See* ORS 19.405 (describing process for certification of appeal to this court). Plaintiff Lincoln Loan Company assigns error to the trial court's denial of its motion under ORCP 71 B to set aside the appellate judgment that the Court of Appeals issued in *Lincoln Loan Co. v. City of Portland*, 158 Or App 574, 976 P2d 60 (1999). Plaintiff argues that the appellate judgment is void because the Court of Appeals is not a "constitutionally authorized" court. The trial court denied plaintiff's motion. For the reasons explained below, we affirm.

Plaintiff owns properties in the City of Portland. Plaintiff brought an action against the city that included, among others, a claim under 42 USC section 1983 seeking damages and other relief because the city had included plaintiff on a list publicizing property owners' code violations and targeted plaintiff's properties for inspections. A jury found that the city had violated plaintiff's substantive due process and equal protection rights, and awarded plaintiff $2,750,000 in general damages on its section 1983 claim. Both parties appealed, and the Court of Appeals reversed in part. 158 Or App 574. This court denied plaintiff's petition for review. 330 Or 138, 6 P3d 1098 (2000). In due course, the State Court Administrator issued the appellate judgment conveying the Court of Appeals' decision to the trial court, and the trial court administrator entered the appellate judgment in the register, as provided in ORS 19.450. Plaintiff then filed a petition for a writ of certiorari. The United States Supreme Court denied the petition. 531 US 1013 (2000).

Thereafter, plaintiff filed a motion under ORCP 71 B(1)(d)[1] in the trial court action "for an order setting aside the

_____

[1] ORCP 71 B provides, in part:

"(1) By Motion. On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (d) the judgment is void[.] * * * A motion under this section does not affect the finality of a judgment or suspend its operation.

"(2) When Appeal Pending. A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court. The moving party shall serve a copy of the

Appellate Judgment issued by the Court of Appeals and reinstating the Circuit Court judgment * * * in its entirety[.]" Plaintiff argued that the "judgment of the Court of Appeals is void as it was issued from a court which was not lawfully created, does not lawfully exist, and possesses no lawful jurisdiction over any appeal from the judgment of the Circuit Court * * *." Plaintiff argued that Article VII (Amended), the constitutional amendment on which the legislature relied when it created the Court of Appeals, was adopted in violation of Article XVII, section 1, of the Oregon Constitution. *See Armatta v. Kitzhaber*, 327 Or 250, 256-77, 959 P2d 49 (1998) (discussing separate-vote requirement of Article XVII, section 1). The trial court denied plaintiff's motion. Plaintiff appealed, the Court of Appeals certified the appeal, and this court accepted the certification.

■ The threshold and dispositive question is whether ORCP 71 B authorizes a circuit court to set aside an appellate judgment on the ground that the appellate judgment is void. Plaintiff argues that, because the word "judgment" in ORCP 71 B is unqualified, it necessarily refers to all judgments, including appellate judgments. Therefore, in plaintiff's view, ORCP 71 B authorizes circuit court judges to set aside appellate as well as circuit court judgments if the party moving to have a judgment set aside satisfies the requirements of the rule. The city responds that the rules of civil procedure make clear that the word "judgment" in ORCP 71 B refers only to circuit court judgments. It follows, the city contends, that ORCP 71 B affords no authority to a circuit court to relieve a party from an appellate judgment.

Whether ORCP 71 B authorizes a circuit court judge to set aside an appellate judgment requires us to construe the rule. We begin with an examination of the text and context. *See Mulier v. Johnson*, 332 Or 344, 349, 29 P3d 1104 (2001) (court follows template for statutory construction described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), when construing rule of civil procedure).

---

motion on the appellate court. The moving party shall file a copy of the trial court's order in the appellate court within seven days of the date of the trial court order. Any necessary modification of the appeal required by the court order shall be pursuant to rule of the appellate court."

ORCP 71 B provides that, under specified conditions, a circuit court may "relieve a party * * * from *a judgment*[.]" (Emphasis added.) ORCP 67 defines "judgment," in part, as "the final determination of the rights of the parties in an action * * *." Standing alone, neither the word "judgment," nor its definition in ORCP 67, advances the interpretive effort here. We turn to the context of ORCP 71 B.

■      ORS 1.735 and ORCP 1 define the scope of the rules of civil procedure. ORS 1.735 states, in part, that "[t]he rules authorized by this section *do not include * * * rules of appellate procedure*." (Emphasis added.) Similarly, ORCP 1 A provides, in part, that the rules of civil procedure, including ORCP 71, "govern procedure and practice in all *circuit courts* of this state * * *." (Emphasis added.) This court has interpreted those provisions to mean that "the ORCP apply only in trial courts." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 89, 957 P2d 1200, *adh'd to on recons*, 327 Or 185, 957 P2d 1207 (1998). *Accord Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 459, 31 P3d 421 (2001) (stating that ORCP "are rules to be applied to actions in *trial courts*" (emphasis in original)). The foregoing suggests that the word "judgment" in ORCP 71 B was intended to include circuit court judgments, not appellate judgments.

Other references to the word "judgment" in ORCP 71 support that conclusion. For example, ORCP 71 A provides, in part, that, "[d]*uring the pendency of an appeal*, a *judgment* may be corrected as provided in subsection (2) of section B of this rule." (Emphasis added.) ORCP 71 B(2) provides that a circuit court may decide a motion to correct errors in a judgment, under ORCP 71 A, or a motion for relief from a judgment under ORCP 71 B, "during the time an appeal from a judgment is pending before an appellate court." Because an appellate judgment generally does not exist when a case is "pending before an appellate court," reference to the word "judgment" in those sections suggests that the judgment referred to in ORCP 71 B is the circuit court judgment from which an appeal is taken, not an appellate judgment.

The rules and statutes defining an "appellate judgment" confirm the conclusion that the word "judgment" in

ORCP 71 B does not encompass appellate judgments. ORS 19.450(1)(b) defines an "appellate judgment" as

> "the decision of the Court of Appeals or Supreme Court, or such portion of the decision as may be specified by the rule of the Supreme Court, together with an award of attorney fees or allowance of costs and disbursements, if any."

ORAP 14.05 provides, in part, that "[a]ppellate judgment means a decision of the Court of Appeals or Supreme Court together with a final order and the seal of the court." Those definitions of an appellate judgment make clear that such a judgment is a different species of judgment than the judgment that a circuit court is authorized to set aside.[2]

Finally, we note that *former* ORS 18.160, *repealed by* Or Laws 1981, ch 898, § 53, was the predecessor statute to ORCP 71 B(1)(a). In *Mullenaux v. Dept. of Revenue*, 293 Or 536, 540 n 1, 651 P2d 724 (1982), this court stated that that statute "relates to a court granting relief from its own judgment * * *."

Based on the text and context of ORCP 71 B, we conclude that the word "judgment" in the rule refers to a circuit court judgment, not to an appellate judgment. We proceed no further. *See PGE*, 317 Or at 611 (if legislative intent clear at first level of analysis, inquiry ends). It follows that, in this circumstance, ORCP 71 B does not authorize a circuit court to set aside an appellate judgment on the ground that it is void. The trial court did not err in denying plaintiff's motion to set

---

[2] Plaintiff's reading of ORCP 71 B would give trial courts broad authority to relieve a party from an appellate judgment. Such authority would be inconsistent with the trial court's duties under ORS 19.450(3), which provides, in part:

"If a new trial is ordered, upon the receipt of the appellate judgment by the trial court administrator for the court below, *the trial court administrator shall enter the appellate court's decision in the register of the court below* and thereafter the cause *shall be deemed pending for trial in such court, according to the directions of the court which rendered the decision.* If a new trial is not ordered, upon the receipt of the appellate judgment by the trial court administrator, *a judgment shall be entered in the register and docketed according to the directions of the court which rendered the decision,* in like manner and with like effect as if the same was given in the court below."

(Emphasis added.)

aside the Court of Appeals' judgment in *Lincoln Loan.* Accordingly, we affirm the trial court's order.

The order of the circuit court is affirmed.