DE MUNIZ, C. J.,
dissenting.
Evidence adduced in the course of a civil trial does not arise in a vacuum. It is circumscribed by the content of the parties’ respective pleadings, a fact that requires litigants in Oregon to plead the ultimate facts on which their claims are based. See ORCP 18 A (pleadings must contain a “plain and concise statement of the ultimate facts constituting a claim for relief’); see also Welch v. Bancorp, 296 Or 208, 221, 675 P2d 172 (1984) (“The necessity of pleading ultimate facts retains the present Oregon requirements of pleading facts at a fairly specific level.”) (internal quotation marks omitted). *28 As explained in greater detail below, the pleadings — including those that set out affirmative defenses — declare and control the issues to be determined at trial, at once providing the parties with notice concerning the key facts that each side will attempt to prove while establishing boundaries for the trial court in determining the relevance of the evidence offered. Here, Combined Transport’s deficient pleading — not trial court error — was the only factor that kept evidence of Clemmer’s intoxication from the jury. The majority’s efforts to say otherwise not only does a disservice to the trial court’s expertise, but effectively kicks 100 years of Oregon pleadings law to the curb without explanation. Because defendant’s cross-claim for contribution cannot be construed as an affirmative defense, I respectfully dissent.
The majority agrees with the basic premise that a cross-claim for contribution cannot be viewed as an affirmative defense. Indeed, it writes:
“We hold that a defendant that does not allege that it has paid more than its proportional share of liability and that does not seek a separate judgment against a codefendant for the amount of that excess payment, but that instead seeks to avoid paying the full damages that a plaintiff has alleged on the basis that a codefendant is more at fault in a way that was not alleged by the plaintiff, must plead the specification of negligence on which the defendant relies as an affirmative defense in its answer to the plaintiffs complaint and not in a separate cross-claim against the codefendant.”
351 Or at 22-23. The majority goes on to acknowledge that Combined Transport should have included the allegations of Clemmer’s intoxication in its answer as an affirmative defense. Id. at 23. The majority, however, nevertheless concludes that, at the time, that particular legal tenet was “unclear” as a matter of Oregon law. Id. at 27. The resulting lack of clarity, the majority posits, created “unique circumstances” that now require this court to transmogrify Combined Transport’s cross-claim for contribution into an affirmative defense under ORCP 12. Id. at 26-27. At the end of the day, that decision is, for the reasons that follow, simply wrong.
*29 OREGON’S PLEADING REQUIREMENTS ARE CLEAR
As a threshold matter, it is important to note that there is little that is unclear about the Oregon pleading requirements at issue here, or the consequences for failing to adhere to those rules. In this state, a party’s pleadings matter and have for some time:
“It is a theory long in use in the practice of law that the pleadings declare and control the issues to be determined and the relations that the parties bear to each other.”
Warner v. Synnes, 114 Or 451, 459-60, 235 P 305 (1925). See also Wold v. City of Portland, 166 Or 455, 470-71, 112 P2d 469 (1941) (citing Warner for the proposition that an action tried on pleadings of negligence could not be overturned on appeal under unpleaded theory of nuisance). In particular, a party’s pleadings set the boundaries for evidence that can be admitted at trial. See Cutsforth v. Kinzua Corp., 267 Or 423, 428-29, 517 P2d 640 (1973) (plaintiff could not present evidence to support allegation of negligence that was properly stricken from the pleading); Laird C. Kirkpatrick, Oregon Evidence § 401.03, 141-42 (5th ed 2007) (relevance depends on allegations pleaded by the parties).
A fundamental component of the overall pleading process is, of course, the pleading of affirmative defenses. In Ritter v. Beals, 225 Or 504, 517-18, 358 P2d 1080 (1961), this court outlined the purpose of such pleadings:
“A pleading of an affirmative defense has two functions. It must inform the plaintiff of facts which the defendant will prove. It must also give the trial court a pleading foundation for the taking of testimony and ultimately for instructing the jury.”
A defendant who seeks to extend the boundaries of relevancy initially established by a plaintiffs pleadings must affirmatively set forth in its answer the additional facts on which he or she seeks to rely, thereby making the facts relevant for trial purposes.
In Oregon, failure to do so has long had negative outcomes for those seeking to advance unpleaded defenses on appeal. In 1905, for example, the Oregon Supreme Court decided Thayer v. Buchanan, 46 Or 106, 79 P 343 (1905), an *30 action to foreclose on a mortgage. In his response to the complaint against him, the defendant had asserted that part of the principal covered by the mortgage had been fraudulently confessed without his authorization or knowledge by the plaintiff representing himself as the defendant’s lawyer in a separate matter. The trial court found in favor of the plaintiff, and on appeal, the defendant took a different tack, arguing that the mortgage note encompassed certain usurious elements that were illegal. In affirming the trial court’s judgment, this court concluded that the pleadings below were dis-positive with regard to the validity of the newly proffered defense:
“Some usurious items may have been included in the settlement, and it looks very much as if such was the case, which would not in themselves support the note; but, as we have previously had occasion to observe, the pleadings set out no such defense, and we are therefore powerless to help the defendant, even on account of such demands.”
Id. at 110 (emphasis added). See also Wolf v. Hougham, 62 Or 264, 125 P 301 (1912) (in contract action for sale of hops, trial court instruction disregarding unpleaded defense was correct; defendant could not avail himself of defense not clearly stated in his answer, although it appeared by his evidence).
In a nutshell, what was clear shortly after the turn of the last century remains clear today: Combined Transport was obliged to plead Clemmer’s intoxication as an affirmative defense in order to have the jury consider that evidence. The process for doing so is not a secret. In Hawkins v. City of La Grande, 315 Or 57, 62-63, 843 P2d 400 (1992) this court outlined the provisions for pleading an affirmative defense:
“The relevant pleading rules call for defenses to be pleaded. Oregon Rules of Civil Procedure (ORCP) 13 A provides:
“ ‘The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses.’
“ORCP 19 B provides, in part:
“ ‘In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration *31 and award, assumption of risk, * * * and any other matter constituting an avoidance or affirmative defense. * *
“ORCP 21A provides, in part:
“ ‘Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall he asserted in the responsive pleading thereto * * *. (Emphasis added.)’ ”
Despite the roadmap provided for it in Hawkins, however, Combined Transport did not plead an affirmative defense under ORCP 19 B. It opted, instead, to submit a cross-claim for contribution, which the trial court struck as premature. The majority apparently concludes that the trial court erred in doing so; I disagree.
THE PRE JUDGMENT CROSS-CLAIM FOR CONTRIBUTION WAS PROPERLY STRICKEN
A cross-claim for contribution is not a substitute for a properly pleaded affirmative defense. Today, the right to seek contribution is largely a relic of Oregon’s past as a state that once recognized joint and several liability. After Oregon abandoned that doctrine in favor of several liability for claims involving bodily injury, death, and property damage,[1] the applicability of a contribution claim has since been confined to a limited set of circumstances. In that regard, ORS 31.800(2) provides:
“The right of contribution exists only in favor of a tort-feasor who has paid more than a proportional share of the common liability, and the total recovery of the tortfeasor is limited to the amount paid by the tortfeasor in excess of the proportional share. No tortfeasor is compelled to make contribution beyond the proportional share of the tortfeasor of the entire liability.”
Under the statute, the gravamen of a contribution action is that a tortfeasor “has paid” more than his or her “proportional share” of damages. Faced with that circumstance, a tortfeasor may enforce contribution in either a “separate *32 action” regardless of whether judgment has been entered or not, ORS 31.810(1), or by motion upon notice to all the parties after “a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death,” ORS 31.810(2). As a result, a contribution claim has nothing to do with determining the fault of the parties; it is solely a procedural mechanism to allow damages to be collected fairly.
Taken together, ORS 31.800 and ORS 31.810 support the proposition that an action for contribution is relevant prior to judgment only in a separate proceeding or, if undertaken in the same proceeding, after a judgment has been entered. At the time that Combined Transport sought to have its cross-claim made part of the pleadings in this case, however, no judgment had been rendered and no damages had been paid; indeed, the trial on plaintiffs claims had yet to begin. Consequently, it was altogether appropriate for the trial court to strike the cross-claim as premature. Combined Transport’s subsequent attempt to amend its contribution request did nothing to change the premature nature of that claim: At the end of the day it remained a pretrial attempt to initiate a matter that could only be brought post-judgment or in a separate proceeding. Consequently, it warranted the same response. The trial court did not err in either ruling.
The majority, of course, has a different view. It ultimately concludes that the only problem with Combined Transport’s cross-claim for contribution was its defective designation as such rather than as an affirmative defense. 351 Or at 27. It sets about to fix that problem by resort to ORCP 12 B, which provides:
“The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.”
See id. at 23. The majority is untroubled by the resulting transformation, concluding that Combined Transport’s contribution claim effectively “fulfilled the function of an affirmative defense, viz., to put the plaintiff on notice of the theory and facts comprising the defendant’s defense.” Id. at 26.1 again disagree.
*33 THIS COURT IS PRECLUDED FROM CONSTRUING COMBINED TRANSPORT’S CROSS-CLAIM FOR CONTRIBUTION AS AN AFFIRMATIVE DEFENSE
It is important to understand that the majority’s reliance on ORCP 12 in this case is incorrect as a matter of Oregon law. As a general rule, the Oregon Rules of Civil Procedure are applicable only in the trial courts. In Lincoln Loan Co. v. City of Portland, 335 Or 105, 110, 59 P3d 521 (2002), this court held that “ ‘the ORCP apply only in trial courts.’ ” (quoting McCarthy v. Oregon Freeze Dry, Inc., 327 Or 84, 89, 957 P2d 1200, adh’d to on recons, 327 Or 185, 957 P2d 1207 (1998)); see also Robinson v. Lamb’s Wilsonville Thriftway, 332 Or 453, 459, 31 P3d 421 (2001) (stating that the rules of civil procedure “are rules to be applied to actions in trial courts”) (emphasis in original). Although rules of civil procedure have indeed been incorporated into this court’s procedural framework, we have done so only after expressly making those provisions part of the Oregon Rules of Appellate Procedure. See, e.g., ORAP 1.40 (expressly adopting the provisions of ORCP 17); ORAP 8.05 (doing the same for ORCP 34). We have yet to do the same with regard to ORCP 12.
Even if it was proper for the court to invoke ORCP 12 B in this case — and it is not — the majority nevertheless misapplies the rule here. Under its plain text, the pleading problem to be corrected by ORCP 12 B must constitute an “error or defect”; neither are present here. In Mulier v. Johnson, 332 Or 344, 29 P3d 1104 (2001), the defendant had moved for summary judgment but had failed to allege a right to attorney fees under ORCP 68 C(2)(b). This court held that the defendant’s complete failure to plead a right to attorney fees was not an “error or defect” under ORCP 12 B:
“As we have explained, the words ‘error’ and ‘defect’ in ORCP 12 B reflect the legislature’s intent that a party must attempt to comply with the mandatory requirements of the rules of civil procedure if that party is to benefit from the provisions of ORCP 12 B. A complete failure to allege the right to attorney fees in a motion under ORCP 68 C(2)(b) does not demonstrate an attempt to comply with the requirements of that rule.”
*34 Id. at 350 (internal citation omitted; emphasis added). The same is true in this case. If a party wishes to present evidence of comparative negligence as an affirmative defense, ORCP 19 B requires such a pleading. One’s abject failure to do so might be categorized as many things but, as Mulier makes clear, it is not a defect that can be corrected by ORCP 12 B.
In sum, the trial court did not err in this matter. Combined Transport’s cross-claim for contribution was not relevant at the time it was brought, and the trial court correctly granted plaintiffs motion to strike. While ORCP 12 A directs that “[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties,” the majority has resurrected and rewritten the stricken pleading at issue here — not construed it — in order to make out an affirmative defense in this matter. The majority errs in doing so. Consequently, I would affirm the judgment.
For the reasons cited above, I respectfully dissent.
Durham, J., joins this dissenting opinion.

 ORS 31.610(1) provides generally that, for multiple defendants in such cases, “the liability of each defendant for damages awarded to plaintiff shall be several only and shall not be joint.”