Argued and submitted February 4, vacated and remanded as to attorney fees; otherwise affirmed September 22, 1999

### Vincent MULIER,
*Appellant,*

*v.*

### Mark JOHNSON,
### Lorraine Davis, Linda King,
### and University of Oregon,
*Respondents.*

(16-96-09570; CA A100065)

986 P2d 742

David C. Force argued the cause and filed the briefs for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals from a summary judgment against his claims under 42 USC section 1983 and for "violation of statutory duty" and from the trial court's subsequent entry of a judgment for attorney fees. He asserts that the court erred in allowing summary judgment and that the allowance of attorney fees was erroneous in that, *inter alia*, defendants never asserted an entitlement to fees in their motion for summary judgment. *See* ORCP 68 C(2)(b). We affirm the entry of summary judgment without any further discussion. However, we vacate the judgment awarding defendants attorney fees and remand for further proceedings to consider defendant University of Oregon's (University) entitlement to fees on the "statutory duty" claim only.

In October 1996, plaintiff filed this action, contending that he had been wrongfully disciplined and, ultimately, wrongfully terminated from a graduate teaching position at the University of Oregon. Plaintiff's operative pleading, his Amended Complaint, alleged two claims under 42 USC section 1983[1] and a third claim for "violation of statutory duty," which asserted that the defendant University had not acted in conformance with its own rules, in alleged violation of ORS 180.355(5).[2]

Defendants, without filing an answer, moved for summary judgment against all claims. Defendants' motion did not assert any entitlement to attorney fees. However, defendants' memorandum in support of summary judgment, which was filed and served concurrently with their motion, *did* assert an entitlement to fees with respect to the "statutory duty" claim:

---

[1] One claim sought damages and the other sought equitable relief.

[2] ORS 183.355(5) provides:

"No rule of which a certified copy is required to be filed shall be valid or effective against any person or party until a certified copy is filed in accordance with this section. However, if an agency, in disposing of a contested case, announces in its decision the adoption of a general policy applicable to such case and subsequent cases of like nature the agency may rely upon such decision in disposition of later cases."

"It is unclear what claim plaintiff intends to state with his 'Third Claim for Relief (Tort Claim against University of Oregon) (Violation of Statutory Duty).' There are three possibilities: 1) plaintiff is attempting to make a claim which does not exist and therefore, defendants are entitled to summary judgment and, as the claim lacks an objectively reasonable basis, attorney fees; 2) plaintiff is attempting to state a claim for due process based on state law which also does not exist and again defendants should receive summary judgment and attorney fees; and 3) plaintiff is attempting to state a claim for violation of rule making procedures. Such a claim also lacks an objectively reasonable basis and entitles the defendant to summary judgment and attorney fees. Each of these possibilities will be addressed in turn.

"**1. There is no cause of action 'Violation of Statutory Duty'.**

"No claim exists in statutory or common law for a tort called 'Violation of Statutory Duty'. Plaintiff therefore fails to state a claim on which relief may be granted, and defendants should receive summary judgment and attorney fees, as discussed below."[3] (Boldface in original.)

Defendants' memorandum did not assert any entitlement to attorney fees with respect to plaintiff's section 1983 claims.

The trial court allowed summary judgment and, on October 24, 1997, entered judgment on the merits. Thereafter, on November 7, 1997, defendants filed a "motion for attorney fees," seeking fees of $22,192.46 incurred in defending all claims. In particular, defendants asserted that they were entitled to attorney fees under ORS 20.105 with respect to all claims,[4] and, alternatively, were entitled under 42 USC

---

[3] Although the memorandum was filed on behalf of all defendants jointly, because the "statutory duty" claim was against the University only, the portions of the memorandum pertaining to the "statutory duty" claim are properly attributed only to the University.

[4] ORS 20.105(1) provides, in part:

"In any civil action, suit or other proceeding in a circuit court * * * the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense, or ground for appeal."

section 1988[5] to recover fees incurred in defending the section 1983 claims because those claims were "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 US 412, 421, 98 S Ct 694, 798, 54 L Ed 2d 648 (1978). Defendants' motion did not purport to allocate fees among the "statutory duty" and section 1983 claims. On November 17, 1997, less than 14 days after the filing of defendants' motion and before plaintiff filed any response or objection to that motion, the court entered a supplemental judgment awarding defendants fees in the full amount requested.

On appeal, plaintiff challenges the attorney fee judgment principally on three grounds: (1) Any award of fees was improper because defendants never asserted an entitlement to fees in either a pleading or a dispositive motion, as required under ORCP 68 C(2). (2) Even if the statements in defendants' memorandum in support of summary judgment could somehow satisfy Rule 68, those statements pertained only to the "statutory duty" claim and, thus, any award of fees incurred in defending the section 1983 claims was erroneous. (3) In all events, the judgment awarding attorney fees must be vacated and remanded because the trial court allowed fees without affording plaintiff the opportunity to file objections within 14 days as required under ORCP 68 C(4)(b). If plaintiff's first argument is correct, then he is entitled to an outright reversal of the fee award without any remand—that is, if defendants did, in fact, fail to meet the requirements of ORCP 68 C(2) with respect to all claims, then there would be nothing left to address on remand. Conversely, if plaintiff's second and third contentions are correct, then the only issue before the trial court on remand would be defendant University's entitlement, if any, to fees on the "statutory duty" claim only.

Defendants acknowledge that the trial court's award of fees was premature, ORCP 68 C(4)(b), and urge us to remand to the trial court with leave, after considering plaintiff's objections, to award fees incurred in defending all

---

[5] 42 USC § 1988(b) provides:

"In any action or proceeding to enforce a provision of [42 USC § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

claims. In particular, defendants contend that the references to attorney fees in their memorandum in support of summary judgment were sufficient to satisfy ORCP 68 C(2) and that, to the extent those references did not encompass the section 1983 claims, "a remand would give defendants the opportunity to amend their motion for summary judgment to specifically request attorney fees."

As amplified below, we conclude that the references to attorney fees in the "statutory duty" section of defendants' memorandum in support of summary judgment did not satisfy ORCP 68 C(2). However, given the concurrent filing of that memorandum with the motion and the lack of any possible prejudice to plaintiff, the noncompliance with ORCP 68 C(2) did not affect plaintiff's substantial rights, ORCP 12 B, and, thus, did not preclude the defendant University from recovering fees incurred in defending the "statutory duty" claim. Consequently, a remand is required for the trial court to consider plaintiff's objections to such fees. We further conclude that, contrary to defendants' assertions, on remand the trial court would not "have discretion to allow defendants, if necessary, to amend their motion for summary judgment" to allege an entitlement to fees associated with the section 1983 claims. Defendants' motion for summary judgment has been fully adjudicated and, thus, is not susceptible to "amendment." Moreover, to permit such an after-the-fact assertion of entitlement to fees would subvert the purpose and function of ORCP 68 C(2). *See Lumbermen's v. Dakota Ventures*, 157 Or App 370, 375-78, 971 P2d 430 (1998) (describing policies). Defendants cannot recover fees attributable to the defense of the section 1983 claims.

ORCP 68 C(2) provides, in part:

"(a) * * * A party seeking attorney fees shall allege the facts, statute or rule which provides a basis for the award of such fees in a *pleading* filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection.

"(b) If a party does not file a *pleading* and seeks judgment or dismissal by motion, a right to attorney fees shall

be alleged in such *motion*, in similar form to the allegations required in a pleading." (Emphasis added.)

Defendants assert that their memorandum in support of summary judgment was part of their "motion" for purposes of ORCP 68 C(2).[6] ORCP 14 A defines "motion" and the requisites of motions:

"An application for an order is a motion. Every motion, unless made during trial, shall be in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought."

UTCR 5.020(1) distinguishes between "motions" and supporting memoranda:

"Every motion must be accompanied by or include a memorandum of law or a statement of points and authorities, explaining how any relevant authorities support the contentions of the moving party."

A separate memorandum in support of a motion is not a "motion." ORCP 14 A; UTCR 5.020. Consequently, an assertion of an entitlement to attorney fees in a separate supporting memorandum, but not in the motion, does not satisfy ORCP 68 C(2).[7]

■ That does not, however, end our inquiry. Defendants contend that noncompliance was immaterial because "[d]efendants' repeated claims of their right to attorney fees, stated in their memorandum supporting their motion for summary judgment, unquestionably satisfied the purpose of giving plaintiff notice of their claim." Defendants' position is, thus, ultimately that we should disregard the noncompliance with ORCP 68 C(2) because, at least with respect to recovery of fees associated with the "statutory duty" claim, that defect

---

[6] Defendants do not, and could not plausibly, maintain that their supporting memorandum was a "pleading." *See* ORCP 13 B (describing "pleading").

[7] The only motion in which defendants asserted an entitlement to attorney fees was their *post-judgment* "motion for attorney fees." The fact that that motion was filed after the entry of judgment on the merits distinguishes this case from others in which we have suggested that, in certain circumstances, the filing of a motion seeking fees after the allowance of a motion to dismiss, but before the entry of a judgment on the merits, may be construed liberally under ORCP 12 B to comply with ORCP 68 C(2). *See, e.g., Attaway, Inc. v. Saffer,* 95 Or App 481, 486, 770 P2d 596, *rev dismissed* 308 Or 184 (1989); *Horn v. Lieuallen Land and Livestock Corp.,* 69 Or App 285, 287-88, 684 P2d 1246, *rev den* 297 Or 824 (1984).

did not "affect the substantial rights" of plaintiff. ORCP 12 B. We agree.

The purpose of ORCP 68 C generally, and of ORCP 68 C(2) specifically, is to ensure that opponents are given adequate notice of a party's intent to seek attorney fees. *See, e.g., Lumbermens*, 157 Or App at 375 ("We look to whether plaintiff was fairly alerted to the fact that attorney fees would be sought and whether the defect in the pleading prejudiced plaintiff."); *Heidtke v. Int'l Brotherhood of Boilermakers*, 104 Or App 473, 477, 801 P2d 899 (1990) (same).

In this case, defendants' supporting memorandum fully served that purpose with respect to the "statutory duty" claim. That memorandum, which was filed and served concurrently with the motion for summary judgment, explicitly and repeatedly stated that, because plaintiff's "statutory duty" claim lacked an "objectively reasonable basis," defendants were entitled to attorney fees. *See* 163 Or App at 45. Although the memorandum did not explicitly refer to ORS 20.105, any reasonable person, upon reading the memorandum, would have understood that defendants were asserting an entitlement to fees and what the basis for that entitlement was. *See Attaway, Inc.*, 95 Or App at 485 ("It is sufficient under ORCP 68 C(2) to assert 'the facts' which provide the basis for the award of attorney fees."). *Accord Stein v. Burt & Vetterlein, P.C.*, 150 Or App 484, 488, 946 P2d 1168 (1997), *rev den* 327 Or 123 (1998) ("[A]lthough plaintiff alleged in his complaint that he was entitled to an award of attorney fees, he failed to allege any basis for such an award."). Moreover, because defendants had not filed any answer and because the memorandum was filed and served with the summary judgment motion, defendant University asserted its entitlement to fees with respect to the "statutory duty" claim at the "first appropriate opportunity." *Lumbermen's*, 157 Or App at 378 (concluding that ORCP 12 B did not excuse noncompliance with ORCP 68 C(2) where the defendant "had several earlier opportunities to allege a right to attorney fees but failed to plead that entitlement in either the original answer or the answer to plaintiff's amended complaint").

We thus conclude that defendants' noncompliance with ORCP 68 C(2) did not affect plaintiff's substantial right

with respect to defendant University's asserted entitlement to attorney fees incurred in defending the "statutory duty" claim. We remand for the trial court to consider plaintiff's objections to University's request for fees associated with that claim.

The same reasoning does not, and cannot, apply to fees associated with the section 1983 claims. The references in the supporting memorandum were *solely* to the "statutory duty" claim. Nothing in the memorandum reasonably would have given plaintiff notice that defendants intended to recover fees pertaining to the section 1983 claim pursuant to either ORS 20.080 or 42 USC section 1988. ORCP 12 B is not so benign or flexible as to excuse that deficiency.

■ Defendants assert, nevertheless, that they might yet, on remand, be entitled to assert an entitlement to such fees by amending their motion for summary judgment. Defendants' necessary premise—that the trial court could, on remand, allow leave for such an amendment—is wrong for at least two related reasons. First, the motion that defendants suggest that they can "amend" has been fully adjudicated. Defendants moved for summary judgment; the trial court granted that motion and entered judgment on the merits; and we have affirmed that judgment. 163 Or App at 44. There is nothing to "amend." Second, any "amendment" would be, in reality, an assertion of entitlement to fees made after entry of judgment on the merits, where defendants had ample opportunity to assert such an entitlement before the entry of judgment. ORCP 68 C(2) does not permit that result. *See Lumbermen's*, 157 Or App at 377-78.

Judgment for attorney fees vacated and remanded for reconsideration of defendant University of Oregon's entitlement to fees associated with "statutory duty" claim only; otherwise affirmed.