Argued and submitted January 10, decision of Court of Appeals and judgment of circuit court reversed in part and case remanded to circuit court for further proceedings August 9, 2001

## Vincent MULIER,
*Petitioner on Review,*

*v.*

## Mark JOHNSON,
## Lorraine Davis, Linda King,
## and University of Oregon,
*Respondents on Review.*

## (CC 16-96-09570; CA A100065; SC S47132)

29 P3d 1104

David C. Force, Eugene, argued the cause and filed the briefs for petitioner on review.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondents on review. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

LEESON, J.

---

** Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case. De Muniz, J., did not participate in the consideration or decision of this case.

## LEESON, J.

The sole issue on review in this civil action is whether the trial court erred in awarding attorney fees to defendant University of Oregon (University) after it had granted defendants' motion for summary judgment on all plaintiff's claims.[1] The Court of Appeals affirmed the trial court's grant of summary judgment, but vacated and remanded the trial court's award of attorney fees.[2] *Mulier v. Johnson,* 163 Or App 42, 986 P2d 742 (1999). We now reverse in part the decision of the Court of Appeals, reverse in part the judgment of the circuit court, and remand the case to the circuit court for further proceedings.

The relevant facts are undisputed. In 1995, plaintiff was a graduate teaching fellow in the Department of Philosophy at the University of Oregon. His salary and benefits were calculated on the basis of his employment as .4 of the equivalent of a full-time teaching fellow. Johnson, the department chair, reduced plaintiff's appointment to .2 of the equivalent of a full-time teaching fellow and placed plaintiff on probation for violating the department's "fraternization policy" by allegedly sexually harassing a female student. In 1997, plaintiff filed an amended complaint under 42 USC section 1983, against the University employees Johnson, Davis, and King, alleging two claims of deprivation of liberty and

---

[1] Plaintiff's complaint named as defendants the University of Oregon and its employees, Johnson, Chair of the Department of Philosophy, Davis, Vice Provost for Academic Affairs, and King, Director of Human Resources. The sole issue on review is the University's entitlement to attorney fees on plaintiff's third claim for relief. We use the term "University" in this opinion to refer only to defendant University of Oregon and the term "defendants" to refer to all defendants named in plaintiff's complaint.

[2] The Court of Appeals held that Johnson, Davis, and King, who were named as defendants for plaintiff's first and second claims for relief, were not entitled to attorney fees. *Mulier v. Johnson,* 163 Or App 42, 50, 986 P2d 742 (1999). That portion of the Court of Appeals' decision is not before this court. The Court of Appeals vacated the trial court's money judgment and remanded the case to allow plaintiff an opportunity to contest the University's motion for attorney fees. *Id.* Neither the University nor plaintiff challenges that portion of the court's decision. Finally, in his petition for review, plaintiff did not seek review of the portion of the Court of Appeals' decision that affirmed the trial court's grant of defendants' motion for summary judgment. Accordingly, that portion of the Court of Appeals' decision also is not before this court.

property without due process of law in violation of the Fourteenth Amendment to the United States Constitution, and a third claim against the University for "violation of statutory duty." Plaintiff sought damages and "reasonable costs and disbursements" on his third claim for relief.

Defendants did not answer. Instead, they moved for summary judgment on all plaintiff's claims. Defendants' motion for summary judgment did not allege a right to attorney fees. *See* ORCP 68 C(2)(b) ("If a party does not file a pleading and seeks judgment * * * by motion, a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading."). In a memorandum of law supporting the motion for summary judgment, however, the University alleged a right to recover attorney fees on plaintiff's claim against the University for violation of statutory duty, arguing that plaintiff's third claim for relief lacked an "objectively reasonable basis." As noted, the trial court granted the motion for summary judgment on all three claims.

Thereafter, defendants filed a motion for attorney fees, costs, and disbursements under 42 USC section 1988, ORS 20.105, ORS 20.140, ORS 20.190, and ORCP 68 for prevailing against all plaintiff's claims. The motion also sought enhanced prevailing party fees of $5,000 under ORS 20.190(3) if the trial court denied the award of attorney fees.

Under ORCP 68 C(4)(b), plaintiff had 14 days from the date that defendants served him with their motion for attorney fees to object to the motion.[3] However, before the expiration of the 14 days, and before plaintiff had filed an objection, the trial court granted defendants' motion and awarded the full amount they had requested in costs, disbursements, and attorney fees.

On appeal, plaintiff assigned error to the order granting defendants' motion for summary judgment and to

---

[3] ORCP 68 C(4)(b) provides, in part:

"A party may object to a statement seeking attorney fees or costs and disbursements or any part thereof by written objections to the statement. The objections shall be served within 14 days after service on the objecting party of a copy of the statement."

its award of attorney fees. The Court of Appeals affirmed without discussion the trial court's grant of defendants' motion for summary judgment. *Mulier*, 163 Or App at 44. The court then held that the University's failure to allege its right to attorney fees in the motion for summary judgment on plaintiff's third claim for relief, as required by ORCP 68 C(2)(b), was immaterial. The court reasoned:

> "[G]iven the concurrent filing of [the memorandum in support of summary judgment] with the motion [for summary judgment] and the lack of any possible prejudice to plaintiff, the noncompliance with ORCP 68 (C)(2) did not affect plaintiff's substantial rights, ORCP 12 B, and, thus, did not preclude defendant University from recovering fees incurred in defending the 'statutory duty' claim."

*Id.* at 47. However, the Court of Appeals accepted the University's concession that, because the trial court had entered its money judgment fewer than 14 days after defendants had served the motion for attorney fees on plaintiff, the money judgment must be vacated and the case remanded to allow plaintiff an opportunity to oppose the motion for attorney fees on the third claim for relief. *Id.* at 50. This court allowed review to address whether the trial court and Court of Appeals erred in holding that the University was entitled to an award of attorney fees on plaintiff's claim for "violation of statutory duty" although the University did not allege that it was entitled to attorney fees in defendants' motion for summary judgment, as required by ORCP 68 C(2)(b).

Plaintiff contends that the Court of Appeals erred in relying on ORCP 12 B to excuse the University's failure to comply with ORCP 68 C(2)(b) because, under that court's holding, ORCP 12 B effectively "swallows" the requirement in ORCP 68 C that the right to attorney fees be alleged in a pleading or in a motion seeking judgment or dismissal. The University replies that its failure to comply with ORCP 68 C(2)(b) did not substantially prejudice plaintiff because the memorandum of law, which accompanied defendants' motion

for summary judgment, put plaintiff on notice that the University sought attorney fees on plaintiff's third claim for relief.[4]

To resolve the issue in this case, which is whether ORCP 12 B requires a trial court to disregard a party's non-compliance with ORCP 68 C(2)(b), we must construe ORCP 12 B. This court follows its template for statutory construction when construing the rules of civil procedure, *see McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 88, 957 P2d 1200, *adhered to on recons* 327 Or 185 (1998) (so stating), beginning with an examination of the text and context of the rule, *see PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (so stating and describing statutory construction methodology).

ORCP 12 B provides:

> "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

That rule directs the court to disregard any error or defect in the pleadings or proceedings, so long as the error or defect does not affect the substantial rights of the adverse party. The dispositive question in this case is whether the University's failure to allege its entitlement to attorney fees in the motion for summary judgment was an "error" or "defect" as those terms are used in ORCP 12 B.

ORCP 12 B does not define the terms "error" or "defect." Accordingly, we give those words their plain, ordinary meanings. *See PGE*, 317 Or at 611 (so stating). An "error," in part, is

> "an act involving an unintentional deviation from truth or accuracy: a mistake in perception, reasoning, recollection,

---

[4] At oral argument before this court, the University also argued that plaintiff had waived his right to challenge the form or specificity of the University's alleged right to attorney fees. *See* ORCP 68 C(2)(d) ("Any objections to the form or specificity of allegation of the facts, statute, or rule which provides a basis for the award of fees shall be waived if not alleged prior to trial or hearing."). We decline to address that argument because the University makes it for the first time on review in this court. ORAP 5.45(2).

or expression * * * : an act that through ignorance, deficiency, or accident departs from or fails to achieve what should be done[.]"

*Webster's Third New Int'l Dictionary*, 772 (unabridged ed 1993). A "defect" is defined, in part, as the "want or absence of something necessary for completeness, perfection, or adequacy in form or function[.]" *Id.* at 591. Both terms describe acts that fail to achieve or complete something that a person has attempted to do. Under ORCP 12 B, then, an error or defect is a failure to achieve or complete an attempt to comply with the requirements of the rules of civil procedure. The next question is whether the failure to allege an entitlement to attorney fees in a motion for summary judgment is an "error" or "defect" as those terms are used in ORCP 12 B.

ORCP 68 C(2)(a) provides:

"A party seeking attorney fees *shall* allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party."

(Emphasis added.) If a party chooses not to file a pleading and seeks judgment or dismissal by motion, then "a right to attorney fees *shall* be alleged in such motion, in similar form to the allegations required in a pleading." ORCP 68 C(2)(b) (emphasis added). The requirement that a party allege the right to attorney fees in a pleading or in a motion is stated in mandatory terms. *See Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) ("shall" is a command).

As we have explained, the words "error" and "defect" in ORCP 12 B reflect the legislature's intent that a party must attempt to comply with the mandatory requirements of the rules of civil procedure if that party is to benefit from the provisions of ORCP 12 B. A complete failure to allege the right to attorney fees in a motion under ORCP 68 C(2)(b) does not demonstrate an attempt to comply with the requirements of that rule. *See Hawkins v. City of La Grande*, 315 Or 57, 63-64, 843 P2d 400 (1992) (ORCP 12 B not a basis for disregarding complete failure to plead affirmative defense as required by rules of civil procedure).

In this case, it is uncontested that the University did not allege its right to attorney fees in its motion for summary

judgment against plaintiff's claims or in a pleading. The Court of Appeals noted, and the University does not disagree, that the University's concurrent filing of a memorandum in support of its motion for summary judgment asserting the right to attorney fees did not satisfy the requirements of ORCP 68 C(2)(b), because a memorandum is not a motion. *Mulier*, 163 Or App at 48. The function of a memorandum in support of a motion is to explain the legal basis on which the moving party is entitled to prevail on its motion. Just as a memorandum claiming an entitlement to attorney fees does not cure a failure to allege the right to attorney fees in a motion under ORCP 68 C(2)(b), such a memorandum does not transform that failure into an attempt to comply with the rules of civil procedure for purposes of ORCP 12 B. In this case, the University's failure to allege, or attempt to allege, any right to attorney fees in the motion for summary judgment means that there was no "error" or "defect" in that motion that the trial court was entitled to disregard under ORCP 12 B. It follows that the trial court erred in awarding the University attorney fees on plaintiff's third claim for relief, and the Court of Appeals erred in affirming that award.

The decision of the Court of Appeals is reversed in part. The judgment of the circuit court is reversed in part, and the case is remanded to the circuit court for further proceedings.