Argued and submitted June 10, reversed December 1, 2010

## Donald HILL,
*Plaintiff-Respondent,*

*v.*

## Theresa EVANS,
*Defendant-Appellant.*

Marion County Circuit Court
08C22580; A140441

244 P3d 822

Steven M. McCarthy argued the cause and filed the briefs for appellant.

David L. Carlson argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals a forcible entry and detainer (FED) judgment, ORS 105.110. Defendant asserts that the trial court erred in rejecting her affirmative defense that plaintiff had failed to attach the notice to vacate to the complaint as required by ORS 105.124(3). Plaintiff does not dispute that the notice was missing from the complaint, but contends that we should disregard the error under ORCP 12 B because the notice was filed shortly after the complaint and the error did not affect defendant's substantial rights. We agree with defendant and reverse.

In April 2006, defendant began renting a residence from plaintiff. Plaintiff and defendant did not have a written rental agreement. For three months, defendant paid her rent to plaintiff. Beginning in June 2006, plaintiff and defendant agreed that defendant would work on plaintiff's other rental properties in Lincoln City in exchange for rent. Defendant cleaned plaintiff's house and his rental properties in Lincoln City and made repairs to the rental properties. In September 2007, defendant was injured while performing work for plaintiff. Defendant later filed a claim against plaintiff for workers' compensation benefits, listing plaintiff as her employer.

In June 2008, plaintiff served defendant with a 30-day notice to vacate. The notice to vacate included the address of the premises, defendant's name, the date that the tenancy would be terminated, and plaintiff's name and signature. When defendant refused to leave, plaintiff filed a complaint for FED. Defendant filed an answer, which included the affirmative defense that plaintiff's complaint was defective because he did not attach the notice to vacate to the complaint as required by ORS 105.124(3).

At trial, plaintiff argued that defendant had remained unlawfully on the premises after receiving the 30-day notice to vacate, and he asked the court to remove her. Defendant argued that, because she was plaintiff's employee, there was no landlord-tenant relationship and the Residential Landlord and Tenant Act did not apply. To establish that defendant was plaintiff's employee, she requested that the court take judicial notice of an order from the Workers'

Compensation Division stating that defendant was plaintiff's employee. The trial court denied defendant's request to take judicial notice and rejected defendant's various affirmative defenses. The court granted plaintiff restitution of the premises and entered a judgment against defendant.

Defendant makes three assertions on appeal. First, defendant asserts that the trial court erred in entering judgment against her because she was plaintiff's employee, not his tenant. Second, defendant contends that the trial court abused its discretion in failing to take judicial notice of the Workers' Compensation Division order. Third, defendant argues that the trial court erred in rejecting defendant's affirmative defense that plaintiff failed to comply with ORS 105.124(3), which requires a plaintiff to attach a copy of the notice to vacate to the complaint. Because we agree with defendant that the trial court erred in rejecting defendant's affirmative defense, we do not reach defendant's first and second assignments of error.

Defendant asserts that the trial court erred in rejecting her affirmative defense because, under ORS 105.124(3), plaintiff was required to attach to the complaint the notice to vacate. There is no dispute that the complaint that plaintiff filed did not have the notice attached, as required by ORS 105.124(3). However, plaintiff relies on ORCP 12 B to argue that, because he filed the notice "shortly after the complaint was filed," the error is the type that is disregarded by trial courts. Under ORCP 12 B, "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." According to plaintiff, defendant has not argued that the failure to attach the notice to the complaint affected her substantial rights, and the trial court properly disregarded the error.

■ The question of whether a plaintiff must attach a copy of the notice to vacate to the complaint under ORS 105.124(3) is a question of statutory construction. To determine the intent of the legislature in enacting ORS 105.124(3), we first examine the text and context of the statute, as well as any useful legislative history offered by the

parties. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). ORS 105.124 provides, in pertinent part:

> "For a complaint described in ORS 105.123, if ORS chapter 90 applies to the dwelling unit:
>
> "* * * * *
>
> "(3) A copy of the notice relied upon, if any, must be attached to the complaint."

Under ORS 105.123, the complaint must contain a description of the premises and state that the defendant is in possession of the premises, that the defendant is holding the premises unlawfully, and that the plaintiff is entitled to the premises.

■ The language of ORS 105.124(3) is unambiguous: Plaintiff was required to attach to the complaint a copy of the notice to vacate. Plaintiff did not comply with ORS 105.124(3). In construing the language of ORS 105.124(3), we conclude that the legislature meant what it said: "A copy of the notice relied upon, if any, *must* be attached to the complaint." (Emphasis added.)

■ We also agree with defendant that ORCP 12 B does not relieve plaintiff of the requirement that he comply with the statute. As defendant notes, this case is analogous to *Mulier v. Johnson*, 332 Or 344, 29 P3d 1104 (2001). In *Mulier*, the defendants failed to allege their right to attorney fees in their motion for summary judgment, in violation of ORCP 68 C(2)(b). *Id.* at 347. On appeal, we held that because the defendant's noncompliance with ORCP 68 did not affect the plaintiff's substantial rights, under ORCP 12 B, the defendants could recover attorney fees despite the pleading defect. *Id.* at 348. The Supreme Court reversed, explaining that

> "the words 'error' and 'defect' in ORCP 12 B reflect the legislature's intent that a party must attempt to comply with the mandatory requirements of the rules of civil procedure if that party is to benefit from the provisions of ORCP 12 B. A complete failure to allege the right to attorney fees in a motion under ORCP 68 C(2)(b) does not demonstrate an attempt to comply with the requirements of that rule."

*Id.* at 350. The court held that the defendants' later memorandum asserting their right to attorney fees did not satisfy the requirements of ORCP 68 C(2)(b), "because a memorandum is not a motion." *Id.* at 351. Accordingly, the court concluded that the defendants were not entitled to attorney fees.

■ Similarly here, plaintiff did not attach the notice to the complaint as required by ORS 105.124(3). In filing the notice later, plaintiff did not comply with the statutory requirement.[1] Because plaintiff did not comply with the requirement in ORS 105.124(3) to attach the notice to the complaint, we reverse.

Reversed.

---

[1] Plaintiff also relies on ORCP 23 A, which states that a party may amend a pleading once before a responsive pleading is served, to argue that "the subsequent filing of the required notice should be treated as an amendment to the original filing and thus no defect was in place at the time of the trial or even of the defendant's initial appearance in the matter." We agree that filing an amended complaint under ORCP 23 A would be the way to correct the error in this case, but plaintiff's later filing was not an amendment to the complaint. We therefore find the argument unpersuasive.