EGAN, C. J.
*205 In this judicial foreclosure action, plaintiff appeals a supplemental judgment awarding attorney fees to defendant Nguyen.[1] The trial court entered the supplemental judgment after granting summary judgment for Nguyen on plaintiff's claims and entering a general judgment dismissing the action without prejudice. Plaintiff asserts that the court erred in three ways: (1) in designating Nguyen as the prevailing party on plaintiff's claims; (2) in allowing attorney fees to Nguyen although, in plaintiff's view, Nguyen had failed to plead an entitlement to fees as required by ORCP 68 C(2)(a); and (3) in determining that the amount charged by Nguyen's counsel was reasonable. We reject plaintiff's first contention without further discussion. However, we agree with its second contention, that the trial court erred in awarding attorney fees to Nguyen and, accordingly, reverse and remand the supplemental judgment. That disposition obviates the need to consider plaintiff's third contention.
The relevant facts are procedural. In its complaint, plaintiff sought to foreclose its mortgage and alleged that, under the mortgage note and deed of trust, it was entitled to recover "its attorney fees and costs of foreclosure." It expressly sought attorney fees under a provision in the note. In her answer, Nguyen denied all of plaintiff's allegations and asserted 12 affirmative defenses. Neither that part of Nguyen's pleading nor the associated prayers, which assert that plaintiff is not entitled to the relief it seeks and that Nguyen is entitled to dismissal of the action, mentions attorney fees. In the same pleading, Nguyen alleged three counterclaims, based on the Fair Debt Collection Practices Act, 15 USC §§ 1692 - 1692p ; the Oregon counterpart to that federal statute, ORS 646.639 ; and a tort theory of invasion of privacy. Nguyen alleged the right to attorney fees on each counterclaim.
Plaintiff moved to dismiss Nguyen's counterclaims under ORCP 21 A(8), contending, among other things, that Nguyen had failed to allege facts sufficient to state a *206 claim on any of her counterclaims. The trial court granted the motion and dismissed the counterclaims with leave for Nguyen to refile. Nguyen did so, again without mentioning attorney fees with respect to plaintiff's claims and again seeking attorney fees on the three counterclaims. Plaintiff again moved to dismiss on the same ground, and the trial court granted the motion, again granting Nguyen leave to refile. Nguyen filed a second amended answer that, again, did not mention attorney fees with respect to plaintiff's claims but sought attorney fees on the three counterclaims.
Plaintiff moved for summary judgment on its claims and Nguyen's counterclaims, and Nguyen filed a cross-motion for summary *1097 judgment on plaintiff's claims. Nguyen did not respond to plaintiff's arguments in favor of summary judgment on the counterclaims. The trial court denied plaintiff's motion for summary judgment, granted summary judgment for Nguyen on plaintiff's claims, and entered a general judgment dismissing the action without prejudice.[2] Nguyen sought attorney fees under the fee provision in the note and ORS 20.096, which makes a one-sided fee provision in a contract reciprocal.[3] After a hearing, the trial court entered a supplemental judgment awarding the fees Nguyen sought.
On appeal, as it did before the trial court, plaintiff asserts that Nguyen failed to allege any entitlement to attorney fees on plaintiff's claims. Consequently, in plaintiff's view, Nguyen failed to comply with ORCP 68 C(2)(a), which requires a party to "allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party" and provides that "[n]o attorney fees shall *207 be awarded unless a right to recover fees is alleged as provided in this paragraph or [another paragraph not applicable here]."[4]
In Mulier v. Johnson , 163 Or.App. 42, 49, 986 P.2d 742 (1999), rev'd in part , 332 Or. 344, 29 P.3d 1104 (2001) ( Mulier I ), we held that a defendant had sufficiently complied with ORCP 68 C(2) where it had not sought attorney fees in its motion responding to the plaintiff's complaint but had sought fees in the attached memorandum. Our holding was based on ORCP 12 B, which provides, "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."
Based on that rule and our previous case law, we held that the failure to seek fees in the motion was not fatal to the defendant's request because "any reasonable person, upon reading the memorandum, would have understood that [the defendant was] asserting an entitlement to fees and what the basis for that entitlement was" and because, by seeking fees in the memorandum, the defendant had asserted the entitlement to fees "at the 'first appropriate opportunity.' " Mulier I , 163 Or.App. at 49, 986 P.2d 742 (quoting Lumbermen's v. Dakota Ventures , 157 Or.App. 370, 378, 971 P.2d 430 (1998) ; citing Attaway, Inc. v. Saffer , 95 Or.App. 481, 485, 770 P.2d 596, rev. dismissed , 308 Or. 184, 777 P.2d 406 (1989) ). We held that, based on those considerations, the fact that the defendant's filings did not satisfy the textual requirements of ORCP 68 C(2) "did not affect plaintiff's substantial right with respect to [the defendant's] asserted entitlement to attorney fees." Id. at 49-50, 986 P.2d 742. Thus, in our view, the defendant was entitled to fees.
The Supreme Court rejected our reasoning and reversed our decision. Mulier v. Johnson , 332 Or. 344, 350, 29 P.3d 1104 (2001) ( Mulier II ). The court began by considering the text of ORCP 68 C(2), and it explained that "[t]he *208 requirement that a party allege the right to attorney fees in a pleading or in a motion is stated [in ORCP 68 C(2) ] in mandatory terms." Id. Turning to the text of ORCP 12 B, the court explained that "the words 'error' and 'defect' * * * reflect the legislature's intent that a party must attempt to comply with the mandatory requirements of the rules of civil procedure if that party is to benefit from the provisions of ORCP 12 B." Id. Consequently, the defendant's "failure *1098 to allege, or attempt to allege, any right to attorney fees in the motion for summary judgment means that there was no 'error' or 'defect' in that motion that the trial court was entitled to disregard under ORCP 12 B." Id. at 351, 29 P.3d 1104. That is, regardless of whether the plaintiff's substantial rights had been affected, the defendant's "complete failure to allege the right to attorney fees" as required by ORCP 68 C(2)(b) meant that the defendant was not entitled to fees.[5] Id. at 350, 29 P.3d 1104.
The Supreme Court's holding in Mulier II demonstrates that the question in this case is whether Nguyen alleged, or at least attempted to allege, the right to recover attorney fees in her pleadings in one of the ways required by ORCP 68 C(2)(a). If she did not, ORCP 12 B cannot excuse the omission. To review, ORCP 68 C(2)(a) requires a party seeking fees to "allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party." "No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph * * *." Id. Thus, our task is to consider whether the pleadings that Nguyen filed allege or attempt to allege "a right to recover fees" by alleging or attempting to allege facts or a statute that provides a basis for the award of fees that she sought.[6]
In her counterclaims, Nguyen alleged the right to recover fees under the law governing those counterclaims. Under these circumstances, however, those allegations do not satisfy ORCP 68 C(2)(a) because those sources of law *209 do not "provide[ ] a basis for the award of fees" that she sought and that the trial court awarded. ORCP 68 C(2)(a) (emphasis added). Here, Nguyen sought, and was awarded, fees because she prevailed on plaintiff's claims based on the note and trust deed. Thus, "the award of fees" was based on the note and ORS 20.096. The counterclaims were distinct from plaintiff's claims; litigation of plaintiff's claims would not have implicated the sources of law on which Nguyen's counterclaims (and attorney fee allegations) were based. Consequently, Nguyen's allegations of the right to fees on the counterclaims could have provided a basis for a different award of fees-fees that would have been awarded if Nguyen had prevailed on her counterclaims and sought fees on that ground-but they did not "provide[ ] a basis for the award of fees" that the trial court did make.[7] ORCP 68 C(2)(a) (emphasis added).
Nevertheless, Nguyen asserts that the pleadings justify the fee award because, considered as a whole, they adequately allege facts that provide a basis for the award of fees. That is so because, in her view, ORCP 68 C(2)(a), read in conjunction with ORCP 12 B, requires only that the other party needs to be "fairly alerted to the fact that attorney fees would be sought." Lumbermen's , 157 Or.App. at 374-76, 971 P.2d 430. Here, she asserts, that standard was satisfied because plaintiff itself sought attorney fees under the fee provision of the note and knew, or should have known, that that provision would be treated as reciprocal.
Before the Supreme Court's decision in Mulier , we had established an analysis under ORCP 68 C(2) that, consistently with Nguyen's argument, largely ignored the textual requirements of ORCP 68 C(2) and focused instead on notice and prejudice to the opposing party. See, e.g. , Mulier I , 163 Or.App. at 49, 986 P.2d 742 (request for fees in memorandum, not pleading or motion, satisfied ORCP 68 C(2), when viewed in accordance with ORCP 12 C); Domingo v. Anderson , 138 Or.App. 521, 910 P.2d 402 (1996), rev'd in part , 325 Or. 385, 938 P.2d 206 (1997) (defendant's request for fees based on bad faith *210 conduct by plaintiffs, plus plaintiffs' later claim for breach of contract and allegation that contract contained attorney fee provision, satisfied ORCP 68 C(2) for award of fees to defendant based on contract and *1099 ORS 20.096 ); Attaway, Inc. , 95 Or.App. at 485 n. 3, 770 P.2d 596 ( ORCP 68 C(2) is satisfied whenever a plaintiff alleges a contract with a fee provision and "the defendant makes it known in any reasonable manner that attorney fees will be sought"; "[t]here can be no doubt here that plaintiff, having itself relied on the contract provision, knew of defendant's right to attorney fees if defendant prevailed" (internal quotation marks omitted)). Moreover, since the Supreme Court decided Mulier II , our opinions have not been explicit regarding its effect on that previous case law. See, e.g. , Parrott v. Orlova , 241 Or.App. 653, 655, 250 P.3d 973 (2011) (reversing award of fees where the defendant had not sought fees in the pleadings, noting that "[t]he requirements of ORCP 68 C(2)(a) are mandatory" but also concluding that "plaintiffs were not sufficiently on notice that attorney fees would be requested"); Nguyen v. McGraw , 210 Or.App. 192, 195-96, 149 P.3d 1273 (2006) (reversing award of fees where the mother's answer had sought fees but had not stated any ground for a fee award, explaining that the requirements of ORCP 68 C(2)(a) are mandatory but also citing discussion in Lumbermen's of ORCP 12 B); Powell v. Bunn , 198 Or.App. 21, 48, 108 P.3d 37 (2005), rev'd on other grounds , 341 Or. 306, 142 P.3d 1054 (2006) (acknowledging that Mulier II limited our previous case law but also distinguishing Domingo on the ground that "there was nothing that [the party opposing the fee award] filed that might indicate that they should have been aware of the possibility of an award of attorney fees under [a] statute").
Accordingly, we take this opportunity to clarify that, after Mulier II , a party's complete failure to comply with the textual requirements of ORCP 68 C(2) cannot be excused by the fact that the opposing party's pleadings, or the circumstances as a whole, would have alerted the opposing party of the prevailing party's intention to seek attorney fees. Nor can complete failure to comply be excused by the fact that the opposing party was not prejudiced by the failure. "A complete failure to allege the right to attorney fees [as required by ORCP 68 C(2) ] does not demonstrate an *211 attempt to comply with the requirements of that rule" and, consequently, cannot be excused by ORCP 12 B. Mulier II , 332 Or. at 350, 29 P.3d 1104.
Here, in her own pleadings, Nguyen did not allege, or attempt to allege, "facts * * * that provide[ ] a basis for the award of fees." ORCP 68 C(2)(a). She did not allege, or even admit, the existence of a contract or any contractual fee provision, and she did not assert any right at all to fees on plaintiff's claims. ORCP 12 B does not allow us to rely on plaintiff's pleadings or what plaintiff knew or may have known to excuse Nguyen's lack of attempt to comply with ORCP 68 C(2)(a).[8]
Reversed and remanded.

Nguyen was the only defendant who appeared below and, likewise, is the only defendant who appears on appeal.

Neither party objected to the court's dismissal of Nguyen's counterclaims despite the trial court's denial of plaintiff's unopposed motion for summary judgment on those claims.

ORS 20.096(1) provides:
"In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract."

ORCP 68 C(2)(a) provides:
"A party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover fees accrues. No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph or in paragraph C(2)(b) of this rule."

Although the particular circumstances at issue in Mulier involved a motion, rather than a pleading, and thus were addressed by ORCP 68 C(2)(b) rather than ORCP 68 C(2)(a), the court noted that the two provisions are phrased the same way, and it is clear that the court's holding applies equally to ORCP 68 C(2)(a).

It is undisputed that Nguyen did not allege, or attempt to allege, a right to fees under a rule.

We express no opinion on whether an allegation of a right to fees on one claim might constitute an allegation of or attempt to allege a right to fees on another claim if the claims were more closely related than those at issue here.

Because Nguyen neither alleged nor admitted any facts regarding a contract or fees under a contract, we need not consider precisely what suffices to allege or attempt to allege "the facts * * * that provide[ ] a basis for the award of fees," ORCP 68 C(2)(a), and, consequently, whether any of our pre-Mulier II case law on that question is consistent with the Supreme Court's holding in Mulier II .