718                  January 28, 2026                  No. 48

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

George MORARU
and Sandica Moraru, aka Sandra Moraru,
husband and wife,
*Plaintiffs-Appellants,*
*and*

Dan MORARU,
*Intervenor-Appellant,*

*v.*

PORTLAND GENERAL ELECTRIC
and Asplundh Tree Expert, LLC,
*Defendants-Respondents,*
*and*

ONLINE NORTHWEST,
*Defendant.*

Yamhill County Circuit Court
21CV04886; A182913

Jennifer K. Chapman, Judge.

Submitted October 15, 2025.

George Moraru, Sandica Moraru, and Dan Moraru filed
the briefs *pro se.*

Graham M. Sweitzer, J. Aaron Landau, Erica Tatoian,
and Harrang Long P.C. filed the brief for respondents.

Before Shorr, Presiding Judge, Powers, Judge, and
O'Connor, Judge.

SHORR, P. J.

Supplemental judgment awarding attorney fees reversed
as to defendant Asplundh Tree Expert, LLC; remanded for

entry of a supplemental judgment awarding fees to defendant PGE only; otherwise affirmed.

**SHORR, P. J.**

Plaintiffs appeal from a general judgment dismissing with prejudice three of plaintiffs' claims against defendants Portland General Electric (PGE) and Asplundh Tree Expert, LLC (Asplundh) and from a supplemental judgment awarding attorney fees to defendants.[1] Plaintiffs raise 10 assignments of error on appeal. We reject most of plaintiffs' assignments without extended discussion. We write primarily to address plaintiffs' ninth assignment of error, challenging the award of attorney fees to Asplundh on the ground that Asplundh failed to plead a right to fees as required by ORCP 68 C(2). For the reasons explained below, we agree that Asplundh is not entitled to attorney fees. We therefore reverse the supplemental judgment with respect to the award of attorney fees to defendant Asplundh and remand for entry of a supplemental judgment awarding fees to defendant PGE only, and otherwise affirm.

Plaintiffs' ninth assignment of error relates to the trial court's award of attorney fees to defendants. In February 2021, plaintiffs filed a complaint in which they pleaded an entitlement to attorney fees pursuant to ORS 105.810(2).[2] In March 2021, defendant PGE filed an answer in which it also pleaded an entitlement to attorney fees based on the same statute. The following month, defendant Asplundh filed an answer that did not request or plead a right to attorney fees, nor did Asplundh ever amend its answer to allege a right to fees. In October 2021, defendants PGE and Asplundh joined their defense on the three claims at issue in this appeal, with Asplundh's counsel representing both defendants. Although the tender of defense agreement between defendants is not in the record, plaintiffs acknowledge that they were aware of the joint representation. After the trial court granted defendants' motion for summary judgment, defendants Asplundh and PGE filed a joint petition for attorney fees. Defendants

---

[1] Plaintiffs' other claims were previously dismissed with prejudice and separately appealed. We affirmed the dismissal of those claims in a consolidated appeal. *Moraru v. PGE*, 338 Or App 820 (nonprecedential memorandum opinion), *rev den*, 374 Or 143 (2025).

[2] ORS 105.810 allows a plaintiff to bring a claim for timber trespass. ORS 105.810(2) provides that "[a] court may, in its discretion, award to a prevailing party under subsection (1) of this section reimbursement of reasonable costs of litigation including but not limited to investigation costs and attorney fees."

sought only to recover attorney fees in defending against the three claims at issue here and only as to those fees incurred after defendants joined their defense. In a supplemental judgment, the trial court awarded defendants Asplundh and PGE a portion of the attorney fees requested, which amounts to $24,600.79.

On appeal, plaintiffs challenge the trial court's award of attorney fees to Asplundh because Asplundh failed to plead an entitlement to attorney fees as required by ORCP 68 C(2)(a).[3] Plaintiffs also argue that the trial court erred in failing to specify how the award should be apportioned between defendants. Defendants contend that Asplundh was entitled to fees because PGE pleaded a right to fees and Asplundh was jointly defending PGE's interests as well as its own. Defendants further assert that any defect in pleading a right to attorney fees can be excused by ORCP 12 B, which directs the court to "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." "We review a trial court's allowance or denial of attorney fees for errors of law." *Wedemeyer v. Nike Ihm, Inc.*, 319 Or App 781, 784, 513 P3d 610 (2022).

The Supreme Court has explained that ORCP 12 B does not apply to excuse a complete failure to allege the right to attorney fees, because a complete absence is not an "error" or "defect." *Mulier v. Johnson*, 332 Or 344, 350-51, 29 P3d 1104 (2001). We have further clarified that, after *Mulier*:

> "[A] party's complete failure to comply with the textual requirements of ORCP 68 C(2) cannot be excused by the fact that the opposing party's pleadings, or the circumstances as a whole, would have alerted the opposing party of the prevailing party's intention to seek attorney fees. Nor can complete failure to comply be excused by the fact that the opposing party was not prejudiced by the failure."

---

[3]  ORCP 68 C(2)(a) provides:

"A party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover fees accrues. No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph or in paragraph C(2)(b) of this rule."

*Bridgestar Capital Corp. v. Nguyuen*, 290 Or App 204, 210-11, 415 P3d 1095 (2018); *see also Carter v. Smith*, 346 Or App 5, 13, ___ P3d ___ (2025) (explaining that under *Mulier*, "it is clear that a court cannot award attorney fees to a party who has *completely failed* to allege a right to fees in their pleading" (emphasis in original)). In *Mulier*, the plaintiff was on notice of that the defendant University of Oregon sought attorney fees because it asserted that right in a memorandum that accompanied its motion for summary judgment. *Mulier*, 332 Or at 348-49. However, the defendant failed to allege the right to attorney fees in its motion pursuant to ORCP 68 C(2)(b), and the court concluded that the memorandum did "not transform that failure into an attempt to comply with the rules of civil procedure for purposes of ORCP 12 B." *Id.* at 351.

In this case, defendant Asplundh completely failed to request or plead any entitlement to attorney fees in its answer. Therefore, according to *Mulier*, the trial court erred in awarding attorney fees to both defendants because Asplundh was not entitled to an award of attorney fees. Defendants have cited no law, nor are we aware of any, that allows one codefendant to recover attorney fees, despite a complete failure to plead that right, based on another codefendant's pleading. Nor have defendants adequately developed any other argument why PGE's pleading would give rise to a right to an attorney fee award to Asplundh despite that latter party's complete failure to allege a right to fees.

We conclude that only PGE was entitled to attorney fees, and that the trial court did not err in the amount of fees awarded to PGE.[4] Defendants requested attorney fees incurred only after they agreed to be jointly represented by Asplundh's counsel, thus, the fee award covers PGE's defense of the three claims. We remand for the trial court to amend the supplemental judgment to award attorney fees solely to PGE.

---

[4] Because we conclude that only PGE was entitled to attorney fees, we need not address plaintiffs' apportionment argument.

This opinion addresses defendant Asplundh's inability to recover an attorney-fee award against plaintiffs. It does not address, because it is not at issue, potential issues, if any, between defendants PGE and Asplundh regarding any division of PGE's fee award between those defendants.

We briefly address plaintiffs' remaining assignments of error. We have reviewed the record and conclude that the trial court did not abuse its discretion by denying plaintiffs' leave to amend their complaint to add an additional claim three weeks before trial, by granting plaintiffs' attorney's motion to withdraw, or by awarding defendants' enhanced prevailing party fees. We therefore reject plaintiffs' first, second, third, and tenth assignments of error. Defendant's fourth through eighth assignments of error challenge the trial court's grant of summary judgment for defendants on various grounds. Based on our review of the record, we conclude that the trial court did not err in granting summary judgment for defendants for any of the reasons asserted by plaintiffs.

Supplemental judgment awarding attorney fees reversed as to defendant Asplundh Tree Service, LLC; remanded for entry of a supplemental judgment awarding fees to defendant PGE only; otherwise affirmed.